GEORGIA,
Chatham Co.
Nov. 1807.

Johnston
vs.
White, Adm. of
Alexander.

THOMAS U. P. CHARLTON,
*Elected Judge of the Eastern District of Georgia,*
November, 1807.

*Minutes of Superior Court, letter F. p.* 375.

*Chambers, November* 26, 1807.

JAMES JOHNSTON
*vs.*
J. E. WHITE, Administrator of ALEXANDER.

CERTIORARI.

*Charlton,* Judge.

*Joshua E. White,* the defendant, in the justices' court, states, in his affidavit and petition, " that, en the 2d of November, 1805, he obtained administration on the estate of *James Alexander;* that a few months after, *James Johnston* made a return of a note, given by the deceased to the said *James Johnston,* for £4 13s 2d. dated October 21, 1776, and payable 20th Nov. following ; that in September, 1807, he was sued on this note as administrator of *Alexander,* in the court of *Sheftall Sheftall,* Esq. justice of the peace, by whom a judgment was given in favour of *James Johnston,* from which judgment the petitioner appealed, and a verdict also rendered in favour of *Johnston,* for the amount of the note without interest ; and that the petitioner opposed a recovery before the jury, upon the grounds, that the debt was barred by the statute of limitations, and no demand of payment made by *Johnston,* so as to take the case out of the operation of the statute."

Upon these grounds, the petitioner, *Joshua E. White,* applied to the court, and obtained a rule for *Sheftall Sheftall,* Esq. and *James Johnston* to show cause why a certiorari should not issue.

In obedience to this rule, Justice *Sheftall* and Mr. *Johnston* have appeared, and contend, that the debt hath not been barred by the statute of limitations ; because *James Alexander* was banished this state by the confiscation act of May 4, 1782, and was only released from the pains and penalties of that act, by an act of the general assembly, passed December 10, 1803, and because *James Alexander* was, the whole of that time, absent beyond the limits of this state—did not return until March or April, 1804, and died in September, of the following year, 1805.

GEORGIA,
Chatham Co.
Nov. 1807.

Johnston,
vs.
White, Adm. of
Alexander.

It appears that *James Alexander* was among the prescribed persons on the 4th of May, 1782, and that he and some others were taken off the act of confiscation and banishment, by a law of the legislature, passed 10th Dec. 1803. Marb. and Crawf Dig. p. 32.

Under these circumstances, Mr. *Johnston* has committed no laches. As a prescribed person, no action could be brought, in this state, against *Alexander*, between the years 1782 and 1803 ; because this court cannot suppose, that he was within the limits of this state during that interval; and computing the time from March or April, 1804, and excluding from computation one year, after the letters of administration were granted to *Joshua E. White*, the statute of limitations does not consequently attach to the case, or bar a recovery. The plaintiff, *James Johnston*, is entitled to the benefits of the provisory clause of the act of March 26, 1767, (which has been revived) for during the period of time between the 4th of May, 1782, and 10th of December, 1803, *James Alexander* must be considered as a person beyond seas, and his creditors in this state, within the savings of the statute. For that period, the law imposed no obligation on the plaintiff below, to demand a payment, or to pursue the debtor in the country to which his treason had driven him. Marb. and Crawf. Dig. 35. Laws of 1806, (extra session) 30.

I am, therefore, of opinion, that no error appears in the *judgment* and *verdict* below.

*Rule discharged.*